IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DWAYNE SULLIVAN,

    Petitioner,                                    No. CIV S-02-1148 MCE KJM P

    vs.

SCOTT M. KERNAN, Acting Warden,
California State Prison - Sacramento,
and JEANNE S. WOODFORD, Director     ORDER
California Department of Corrections,

    Respondents.
_____/

        Petitioner is a state prisoner, represented by counsel, proceeding with an application for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his 1999 conviction on charges of second degree robbery (1 count) and second degree attempted robbery (2 counts), as well as various sentencing allegations. Based on the conviction and sentencing allegations, the trial court sentenced petitioner to an indeterminate seventy-five years to life plus seventeen years determinate term of imprisonment. In his amended petition, petitioner sought relief on the grounds that: (1) his Sixth and Fourteenth Amendment rights to a unanimous jury were violated by a jury instruction; (2) his rights under the Fifth and Sixth Amendments were violated by the trial court's denial of a timely pretrial motion for a lineup; and (3) he was denied

/////

1 effective assistance of counsel by his appellate counsel's failure to raise the denial of the pretrial
2 lineup motion as an issue on direct appeal.

3       This court issued findings and recommendations on September 16, 2009,
4 recommending that the habeas petition be denied. On October 20, 2009, petitioner filed a motion
5 to vacate the findings and recommendations on the ground that the court has not addressed the
6 issues raised in the original petition. Respondent has opposed the motion and petitioner has filed
7 a reply.

8 I. Procedural Background

9       The original habeas petition was filed on May 28, 2002, by petitioner proceeding
10 in propria persona. That petition raised several grounds: (1) CALJIC No. 17.41.1 violated
11 petitioner's right to a unanimous jury and to jury nullification; (2) the court violated petitioner's
12 right to a fair trial by refusing to bifurcate the trial on his prior convictions;[1] (3) the life sentence
13 was improperly imposed; (4) the application of the three strikes law to prior convictions incurred
14 before 1994 violates the Ex Post Facto Clause of the Constitution; (5) the application of the three
15 strikes law violates due process; (6) the application of the three strikes law violates petitioner's
16 plea bargain; and (7) petitioner was denied the effective assistance of appellate counsel.

17       On October 25, 2002, the court appointed the Federal Defender's Office to
18 represent petitioner.

19       On April 21, 2003, counsel requested a stay of the proceedings in order to exhaust
20 state remedies on unexhausted claims. Counsel identified the exhausted claims in the petition
21 and then noted that once the state exhaustion petition was decided, "petitioner intends to move

---

[1] There are two arguments that may or may not be separate issues, but seem to be related to the claim that petitioner's rights were violated by the trial court's refusal to bifurcate the proceedings. The first, preceded by the Roman numeral II, says "Proposition 8 Did Abolish The Trial Court's Discretion, Under California Evidence Code § 352, To Deny The Use Of Prior Convictions For Impeachment Purposes." The second, preceded by Roman numeral III, says "The Court Should Grant A Bifurcated Trial On The Of [sic] Defendant's Alleged Guilt On The Present Charge(s) Prior Conviction(s) In Order To Eliminate The Risk Of Undue Prejudice."

. . . to lift the stay in this case and seek to amend his petition to include all exhausted claims." Docket No. 15 at 3.  The court granted this request on April 29, 2003.

On May 13, 2005, counsel filed a motion to lift the stay and filed the amended petition on May 16, 2005.  The certificate of service shows the amended petition was served on petitioner.  Docket No. 20 at 23.[2]

On May 23, 2005, counsel filed a motion to substitute Victor Haltom as petitioner's counsel, which the court granted.

On August 30, 2005, respondent filed an answer to the petition.

On January 19, 2007, the court granted the request to substitute Mark Eibert as counsel for petitioner and granted new counsel additional time in which to file a traverse.

On June 1, 2007, counsel filed a traverse, addressing the three issues raised by the amended petition.

II.  The Motion To Vacate The Findings And Recommendations

Counsel for petitioner asks the court to vacate its findings and recommendations because they do not address all the issues raised by petitioner in the initial petition.  He has supported this request with a letter from petitioner, who says he is "appalled about the conduct of the court and defense appellate counsel . . . for not addressing the issues in my original petition . . . ."  Petitioner continues that he "did not and will not waive any of the exhausted claims in the body of this petition."  Docket No. 48 at 2.  In a declaration, petitioner asserts that he "at no time gave any-one permission to omit the claims in my original petition."  Id. at 3.  Counsel for petitioner argues that even if counsel's actions were authorized and constitute the effective assistance of counsel, petitioner should still be able to file a second amended petition that would relate back to the original petition.  This, he argues, "is simply the shortest and most efficient way to handle this issue."  Decl. of Mark Eibert (Docket No. 46) ¶ 10.

---

[2] The court refers to the page number assigned by its ECF system.

3

1   Respondent argues that the record does not support petitioner's claim that counsel
2 promised to include all of petitioner's original claims in the amended petition and notes that even
3 though current counsel asked original counsel to pull her file so he could investigate, he has
4 presented nothing from any investigation he actually undertook.  Response to Mot. (Docket No.
5 51) at 3.  Respondent also contends that petitioner does not have the right to the effective
6 assistance of counsel on federal habeas.  Petitioner has not countered this latter argument with
7 any case law supporting his position.

8   In Pennsylvania v. Finley, 481 U.S. 551, 555 (1987), the Supreme Court noted,
9 "[w]e have never held that prisoners have a constitutional right to counsel when mounting
10 collateral attacks upon their convictions."  If there is no constitutional right to counsel, then there
11 is no concomitant right to the effective assistance of counsel.  Miller v. Keeney, 882 F.2d 1428,
12 1431-32 (9th Cir. 1989).  Assuming without deciding that original counsel dropped petitioner's
13 original claims without permission, petitioner is nevertheless not entitled to relief because there
14 is no right to the effective assistance of counsel on federal habeas.

15   Even if the court were to find that petitioner has a constitutional right to counsel
16 on federal habeas, he still does not prevail in his current request.  In Daniels v. Blackburn, 763
17 F.2d 705, 710 (5th Cir. 1985), the Fifth Circuit observed that a habeas attorney's decision to
18 withhold claims is binding unless counsel was incompetent in so doing.  It is petitioner's burden
19 to establish that in dropping the petitioner's initial claims that original counsel was not acting
20 competently, yet he has not shown or even suggested that the omitted issues would have been
21 successful on federal habeas.  Strickland v. Washington, 466 U.S. 668, 687 (1984); Miller, 482
22 F.2d at 1434 n.9; see also Jones v. Barnes, 463 U.S. 745, 751 (1983) (client does not have right
23 to have counsel raise all nonfrivolous issues on direct appeal).
24 /////
25 /////
26 /////

1      IT IS THEREFORE ORDERED that:

2      1.  Petitioner's motion to vacate the findings and recommendations and address additional issues (docket no. 46) is denied; and

3      2.  Petitioner is granted an additional twenty-one days from the date of this order in which to file objections to the findings and recommendations issued September 16, 2009.

DATED: March 16, 2010.

_____
U.S. MAGISTRATE JUDGE

2 sull1148.vf&r

5